ELSIE M. CONNER, ADMINISTRATRIX OF THE ESTATE OF JOSEPH C. CONNER, DECEASED v. OCCIDENTAL LIFE INSURANCE COMPANY OF NORTH CAROLINA

No. 786DC789

(Filed 5 June 1979)

**Insurance § 27.1— credit life insurance—no renewal after expiration—no grace period**

A credit life insurance policy which expired on 2 December 1976 and contained no provisions for extension or renewal was not in effect on and after its expiration date notwithstanding the "grace period" provision of G.S. 58-211, since no payment for any premium was or could have been due after the expiration date and no extension of the period of coverage arose.

APPEAL by plaintiff from *Long (Nicholas), Judge.* Judgment entered 6 June 1978 in District Court, HERTFORD County. Heard in the Court of Appeals 22 May 1979.

This action was instituted when the plaintiff filed a complaint seeking to recover the benefits of a credit life insurance policy covering the life of the plaintiff's intestate. The defendant, the Occidental Life Insurance Company of North Carolina, admitted the existence of the policy but denied that it was in effect at the time of the insured's death. When the case was called for trial, it was submitted to the trial court upon a stipulated set of facts. After considering those facts, the pleadings and the arguments of counsel, the trial court concluded that the policy was not in effect at the time of the death of the insured and entered judgment in favor of the defendant. From the entry of that judgment, the plaintiff appealed.

Additional facts pertinent to this appeal are hereinafter set forth.

*Cherry, Cherry & Flythe, by Joseph J. Flythe, for plaintiff appellant.*

*Ragsdale, Liggett & Cheshire, by Joseph B. Cheshire, V, for defendant appellee.*

MITCHELL, Judge.

The plaintiff's sole assignment of error on appeal is that the trial court erred in concluding that the insurance policy in ques-

tion was not in effect at the time of the insured's death. The policy had an effective date of 3 May 1976 and an expiration date of 2 December 1976 with no provisions for extensions or renewals. Although the insured died nine days after the expiration date of the policy, the plaintiff contends that the insurance policy was still in effect at that time by virtue of the terms of G.S. 58-211. We do not agree.

G.S. 58-211 requires that all group life insurance policies delivered in this State must contain:

> (1) A provision that the policyholder is entitled to a grace period of 31 days for the payment of any premium due except the first, during which grace period the death benefit coverage shall continue in force, unless the policyholder shall have given the insurer written notice of discontinuance in advance of the date of discontinuance and in accordance with the terms of the policy.

This requirement does not apply in the present case.

At the time of the insured's death on 11 December 1976, the policy had expired. At that time, no premium was due. The quoted provision in G.S. 58-211 only extends the time in which a premium may be paid; it does not extend the period of coverage. Since the insurance policy expired on 2 December 1976 and contained no provisions for extension or renewal, no payment for any premium was or could have been due after that date and no extension of the period of coverage arose. The policy was not in effect on and after that date notwithstanding the provisions of G. S. 58-211. Therefore, the plaintiff's assignment of error is overruled and the judgment of the trial court is

Affirmed.

Judges PARKER and MARTIN (Harry C.) concur.